967 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth PEELER, Petitioner-Appellant,
v.
James BLODGETT, Respondent-Appellee.
 No. 91-36179.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.*
Decided June 18, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Washington state prisoner Kenneth Peeler appeals pro se the district court's dismissal of his second habeas corpus petition under 28 U.S.C. § 2254 challenging his first degree robbery conviction. Peeler argues that the district court erred in dismissing his petition pursuant to Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the denial of a petition for habeas corpus. Campbell v. Kincheloe, 829 F.2d 1453, 1457 (9th Cir.1987), cert. denied, 488 U.S. 948 (1988). We affirm.
 
 
 3
 Peeler was convicted in Washington state court of two counts of first degree robbery on February 16, 1988. Peeler exhausted eight claims in state court: (1) prosecutorial misconduct; (2) ineffective assistance of counsel; (3) insufficient evidence to convict; (4) violation of Washington Rule of Evidence 801(d)(1)(iii); (5) violation of his right to a fair trial; (6) violation of his right to confront witnesses; (7) improper rebuttal; and (8) accumulation of errors.
 
 
 4
 Peeler raised the first four of these claims as grounds for relief in his first habeas corpus petition, filed on March 19, 1990. Relief was denied by the district court on December 5, 1990, and we affirmed the denial of relief on September 23, 1991. See Peeler v. Blodgett, No. 90-35614, unpublished memorandum disposition (9th Cir. Sept. 23, 1991).
 
 
 5
 Peeler filed his second petition for habeas corpus relief on January 4, 1991. In his second petition, Peeler raised the remaining four claims he had omitted from his first petition. The district court dismissed Peeler's second petition pursuant to Rule 9(b).
 
 
 6
 Under Rule 9(b), a second petition which raises new grounds may be dismissed if "the judge finds that the failure of the petitioner to assert those grounds in a prior petition constitutes an abuse of the writ." Rule 9(b), Rules Governing Section 2254 Cases in the United States District Courts.
 
 
 7
 The issue before us is whether a petitioner commits an abuse of the writ under Rule 9(b) by raising in a second petition grounds for relief which were available at the time of the first petition. The Supreme Court recently answered this question in the affirmative. See McCleskey v. Zant, 111 S.Ct. 1454, 1467 (1991) ("[A] petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice.").
 
 
 8
 An abuse of the writ will be found unless the petitioner can show cause for the failure to raise the contested claims in the first petition and prejudice if barred from bringing the claims in a successive petition. Id. at 1470. Cause exists where some objective external factor impeded the petitioner's raising of the new claims. Id. (citing Murray v. Carriger, 477 U.S. 478, 488 (1986)). Objective factors that constitute cause include (1) interference by state officials, (2) a showing that the factual or legal basis for a claim was not reasonably available, or (3) constitutionally ineffective assistance of counsel. Id. If the petitioner cannot show cause, no inquiry into prejudice need be made unless a fundamental miscarriage of justice is implicated. Id. at 1470, 1474.
 
 
 9
 Peeler ascribes his failure to list all eight grounds for relief in his first petition to space limitations on the habeas petition form provided him by the prison authorities. The habeas form given Peeler provided space for four grounds. Peeler contends this space limitation constitutes cause for his failure to bring all eight claims at once because it created the erroneous impression that he was limited to arguing only four grounds for relief in any one habeas petition.
 
 
 10
 We reject Peeler's argument. The habeas form Peeler filled out directed Peeler to "[s]tate concisely every ground on which you claim that you are being held unlawfully" (emphasis added), and advised Peeler that "[i]f necessary, you may attach pages stating additional grounds." The form warned that "[i]f you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date." (Emphasis in original.)
 
 
 11
 Space constraints on a habeas form which explicitly advises a petitioner to state every ground for relief and to add additional pages if necessary does not constitute cause as defined by the Supreme Court in McCleskey. See McCleskey, 111 S.Ct. at 1470. The district court appropriately dismissed Peeler's second petition for habeas corpus relief under Rule 9(b) as an abuse of the writ.[1]
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Because Peeler's conviction does not implicate a miscarriage of justice, we do not address the issue of prejudice. See McCleskey, 111 S.Ct. at 1470, 1474